## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

-------------------------------------------------------

| | |
|---|---|
| IN RE: | ) |
| | ) |
| ANTOINETTE CORDIER, | ) CASE NO. 08-20298 (ASD) |
| | ) |
| DEBTOR | ) CHAPTER 13 |

-------------------------------------------------------

| | |
|---|---|
| ANTOINETTE CORDIER, | ) |
| | ) |
| PLAINTIFF | ) |
| | ) |
| v. | ) ADV. PRO. NO. 08-2037 |
| | ) |
| PLAINS COMMERCE BANK, a.k.a. | ) |
| COMPLETE CREDIT SOLUTIONS, | ) |
| | ) |
| DEFENDANT | ) RE: DOC. I.D. NO. 19 |

-------------------------------------------------------

### APPEARANCES:

Suzann L. Beckett, Esq.                                    Counsel for Plaintiff-Debtor
Beckett Law LLC, 543 Prospect Avenue,
Hartford, CT 06105

Jonathan A. Kaplan, Esq., James Berman, Esq.        Counsel for Defendant Complete
and Stephen Sather, Esq.                                   Credit Solutions
Zeisler & Zeisler PC, 558 Clinton Avenue,
Bridgeport, CT 06605

## MEMORANDUM OF DECISION
## DISMISSING ADVERSARY PROCEEDING

ALBERT S. DABROWSKI, Chief United States Bankruptcy Judge

## I. INTRODUCTION

Before the Court are the Defendant Complete Credit Solutions' Motion to Dismiss Under Bankr. Rule 7012(b) (the "Motion"), Doc. I.D. No. 19, and the objection thereto (the "Objection"), Doc. I.D. No. 27, filed by Antoinette Cordier (the "Debtor"). For the reasons set forth hereafter, the Motion is granted.

## II. BACKGROUND

On February 25, 2008, the Debtor commenced the Bankruptcy Case 08-20298 by filing a Petition pursuant to Chapter 13 of the United States Bankruptcy Code. Within that case Complete Credit Solutions (the "Defendant")[1] filed Proof of Claim No. 4-1, dated March 12, 2008 (the "Proof of Claim"). In the Debtor History Report attached to the Proof of Claim the Defendant included the Debtor's full social security number.[2]

The Debtor, on July 20, 2008, commenced the captioned adversary proceeding by filing a five-count Complaint Seeking Injunctive Relief, Damages, Disallowance of Claim and Other Relief in a Core Adversary Proceeding (the "Complaint"), Doc. I.D. No. 1, against the Defendant in which she seeks disallowance of the Defendant's claim, as well as monetary damages and declaratory relief, related to the Defendant's failure to redact her social security number from the Proof of Claim. Specifically, the Complaint asserts, in five counts, the following:

---

[1] The Court has received insufficient evidence to determine the precise nature of the relationship between named defendants Complete Credit Solutions and Plains Commerce Bank; however, for purposes of the instant matter, the parties do not dispute that Complete Credit Solutions is the present holder of an unsecured claim formerly held by Plains Commerce Bank. Complete Credit Solutions is, to date, the only defendant to respond to the complaint.

[2] The Court, on January 22, 2009, sua sponte, entered an order sealing the Proof of Claim, and ordering the Defendant to file a redacted copy for the public record. Doc. I.D. No. 33.

1) Objection to the Proof of Claim;

2) Violation of Gramm-Leach-Bliley Act, 15 U.S.C. §6801-6809;

3) Violation of Conn. Gen. Stat. §42-470;

4) Violation of Fed. R. Bankr. P. 9037; and

5) Invasion of Privacy.

Through the Motion the Defendant requests the Court to dismiss all counts of the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction), 12(b)(5) (insufficient service of process), and 12(b)(6) (failure to state a claim upon which relief can be granted), made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 7012. On January 13, 2009, the Court heard oral argument and took the matter under advisement.

## III. JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over the instant adversary proceeding by virtue of 28 U.S.C. § 1334(b); and this Court derives its authority to hear and determine this proceeding on reference from the District Court pursuant to 28 U.S.C. §§ 157(a), (b)(1) and the District Court's General Order of Reference dated September 21, 1984.

## IV. DISCUSSION

### *(A). Fed. R. Bankr. P. 12(b)(1) – Request to Dismiss for Lack of Jurisdiction*

The Complaint seeks declaratory and monetary relief, as well as disallowance of the Defendant's claim, based solely upon the Defendant's inclusion of the Debtor's unredacted social security number in the Proof of Claim. Having thus arisen "in . . . a case under title 11," all of the claims asserted in this proceeding are core matters which this Court may

3

hear and determine pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (B). See, e.g. Russell v.
Queen City Furniture (In re Russell), Adv. No. 08-1215 (slip op.), 2009 WL 361731 (Bankr.
N.D. Miss. Jan. 23, 2009) (claims arising out of failure to redact social security number in
a proof of claim are core); see, also Bankruptcy Services, Inc. v. Ernst & Young, LLP (In
re CBI Holding Co., Inc.), 529 F.3d 432, 460 (2d Cir. 2008) ("[b]ecause all of the claims
asserted . . . are integrally related to the Proof of Claim that [the defendant] voluntarily
submitted against the estate, they are core proceedings . . . .").

In accordance with the above – the Court having concluded that it has subject matter
jurisdiction to hear and determine the matters raised in the captioned adversary proceeding
– the Defendant's request that the complaint be dismissed under Fed. R. Civ. P. 12(b)(1)
for lack of subject matter jurisdiction is denied.

## (B). Fed. R. Bankr. P. 12(b)(6) – Request to Dismiss for Failure to State a Claim

A motion to dismiss prosecuted pursuant to Rule 12(b)(6) is designed to test the
legal sufficiency of a Complaint, not to weigh the evidence which might be presented at
trial. E.g., Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985); see also York v.
Association of Bar of City of New York, 286 F.3d 122, 125 (2d Cir. 2002) ("[T]he issue is
not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer
evidence to support the claims"). Accord Gant v. Wallingford Board of Ed., 69 F.3d 669,
673 (2d Cir. 1995).

The Supreme Court, in 2007, adopted a plausibility standard for a complaint to
withstand a Rule 12(b)(6) motion to dismiss:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not
> need detailed factual allegations . . . a plaintiff's obligation to provide the
> 'grounds' of his 'entitle[ment] to relief' requires more than labels and

4

conclusions, and a formulaic recitation of the elements of a cause of action
will not do . . . . Factual allegations must be enough to raise a right to relief
above the speculative level.

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65, 550 U.S. 544 (2007). The

complaint must state factual "allegations plausibly suggesting (not merely consistent with)"

each of the elements necessary to entitle the plaintiff to the relief sought. Id. at 1966.

## 1. The Objection to the Proof of Claim (Count One)

"It is well established that the only substantive grounds for disallowance of a claim

are expressly set forth in the Bankruptcy Code." In re Porter, 374 B.R. 471, 480 (Bankr.

D.Conn. 2007).

Once a proof of claim has been filed, the court must determine whether the
claim is "allowed" under § 502(a) of the Bankruptcy Code: "A claim or
interest, proof of which is filed under section 501 . . . is deemed allowed,
unless a party in interest . . . objects."

But even where a party in interest objects, the court "shall allow" the claim
"except to the extent that" the claim implicates any of the nine exceptions
enumerated in § 502(b). Ibid. Those exceptions apply where the claim at
issue is "unenforceable against the debtor ... under any agreement or
applicable law," § 502(b)(1); "is for unmatured interest," § 502(b)(2); "is for
[property tax that] exceeds the value of the [estate's] interest" in the property,
§ 502(b)(3); "is for services of an insider or attorney of the debtor" and
"exceeds the reasonable value of such services," § 502(b)(4); is for
unmatured debt on certain alimony and child support obligations, § 502(b)(5);
is for certain "damages resulting from the termination" of a lease or
employment contract, §§ 502(b)(6) and (7); "results from a reduction, due to
late payment, in the amount of . . . credit available to the debtor in connection
with an employment tax on wages, salaries, or commissions earned from the
debtor," § 502(b)(8); or was brought to the court's attention through an
untimely proof of claim, § 502(b)(9).

Travelers Cas. and Sur. Co. of America v. Pacific Gas and Elec. Co., 549 U.S. 443, 449,

127 S.Ct. 1199, 1204 (2007); see also French v. American General Financial Services (In

re French), __ B.R. __, 2009 WL 489609 at *7-*9 (Bankr. E.D. Tenn. Feb. 13, 2009)

(holding that a proof of claim with an unredacted social security number is not grounds for disallowance of the claim).

The factual allegations in the Complaint do not implicate any of the enumerated exceptions to allowance of a proof of claim. Nor does the Debtor assert a challenge to the validity or amount of the Proof of Claim that would result in its disallowance on procedural grounds. See In re Porter, 374 B.R. 471 (disallowing claim on "procedural" grounds (default) where Debtor failed to sustain its burdens of proof and production as to the validity and amount of its claim). Since the Complaint's objection to the Proof of Claim does not provide a basis upon which relief may be granted; the first count of the Complaint shall be dismissed in accordance with Fed. R. Civ. P. 12(b)(6).

## 2. Violation of Gramm-Leach-Bliley Act, 15 U.S.C. §6801-6809 (Count Two)

The second count of the Complaint alleges that the Defendant's filing of the unredacted Proof of Claim was a violation of the Gramm-Leach-Bliley Act, 15 U.S.C. §6801-6809 (hereafter "GLBA"). The GLBA states: "It is the policy of the Congress that each financial institution has an . . . obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information." 15 U.S.C. §6801(a). To implement such policy, the GLBA authorizes the federal agencies charged with the oversight of various financial institutions to establish and enforce applicable standards. As to enforcement, it provides: "This subchapter and the regulations prescribed thereunder shall be enforced by the Federal functional regulators, the State insurance authorities, and the Federal Trade Commission with respect to financial institutions and other persons subject to their jurisdiction under applicable law . . ." 15 U.S.C. §6805(a). "Courts have consistently held that there is no private cause of action created by Congress

6

in the GLBA. See Dunmire v. Morgan Stanley DW Inc., 475 F.3d 956 (8th Cir. 2007) (listing

numerous cases holding the same)." Southhall v. Check Depot, Inc. (In re Southhall), Adv.

No. 08-00128, 2008 WL 5330001 at *4 (Bankr. N.D. Ala. 2008); see, also French, 2009

WL 489609 at *9.

The Debtor, in the Objection, concedes that the GLBA does not provide a private

cause of action, but asks the Court to consider whether the Defendant's conduct violated

the standards of care established thereunder. Because the Court has determined that a

violation of such standards would not, *per se*, provide the Debtor with a private cause of

action to enforce them, her argument is unavailing. The second count thus fails to state a

claim upon which relief can be granted and shall be dismissed in accordance with Fed. R.

Civ. P. 12(b)(6).

### 3. Violation of Conn. Gen. Stat. §42-470 (Count Three)

In the third count, the Debtor avers that the Defendant violated Conn. Gen. Stat. §42-

470 and that, as a result of such violation, "is liable . . . for actual damages, punitive

damages and attorney fees." (Complaint ¶34.)

> Connecticut law presumes that private rights of action do not exist unless
> expressly created by statute. Napoletano v. CIGNA Healthcare of
> Connecticut, Inc., 238 Conn. 216, 249, 680 A.2d 127 (1997). A party
> attempting to invoke an implied private right of action bears the burden of
> overcoming this presumption and establishing that the statute creates such
> a right. Asylum Hill Problem Solving Revitalization Assoc. V. King, 277 Conn.
> 238, 246, 890 A.2d 522 (2006).

Holtman v. Citifinancial Mortg. Co., Inc., No. 3:05-CV-1571, 2006 WL 1699589, *5 -6

(D.Conn. June 19, 2006). Conn. Gen. Stat. §42-470 states, in relevant part:

(b) [N]o person shall
(1) Publicly post or publicly display in any manner an individual's Social Security

number. For the purposes of this subdivision, "publicly post" or "publicly display" means to intentionally communicate or otherwise make available to the general public.

. . . .

(e) Any person who wilfully violates the provisions of subsection (b) of this section shall be fined not more than one hundred dollars for a first offense and not more than five hundred dollars for a second offense, and shall be fined not more than one thousand dollars or be imprisoned not more than six months, or both, for each subsequent offense.

Conn. Gen. Stat. §42-470 does not explicitly create a private cause of action, nor does the

Court find any grounds for implying that the legislature intended one. On the contrary, "the

existence of express remedies within a statute indicates that the legislature knows how to

create remedies under the statute and, more importantly, that the legislature would have

provided the remedy sought by the plaintiff if it had intended to do so." Rollins v. People's

Bank Corp., 283 Conn. 136, 152 (2007); cf. Conn. Gen. Stat. §52-571h (authorizing a

private cause of action for violations of criminal identity theft statutes). Because there is no

private cause of action for violations of Conn. Gen. Stat. §42-470, the third count shall be

dismissed.

## 4. Violation of Fed. R. Bankr. P. 9037 (Count Four)

The Debtor asserts, in the fourth count of the Complaint, that the Defendant, by not

redacting all but the last four digits of the Debtor's social security number, failed to comply

with Fed. R. Bankr. P. 9037, which provides, in relevant part:

(a) *Redacted Filings*. Unless the court orders otherwise, in an electronic or paper filing made with the court that contains an individual's social-security number . . . a party or nonparty making the filing may include only:

(1) the last four digits of the social-security number . . . .

(c) *Filings Made under Seal*. The court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the entity that made the filing to file a redacted version for the public record.

8

> (d) *Protective Orders*. For cause, the court may by order in a case under the
> Code:
>
>    (1) require redaction of additional information; or
>    (2) limit or prohibit a nonparty's remote electronic access to a
>    document filed with the court.

Fed. R. Bankr. P. 9037.

The Debtor asks the Court to sanction the Defendant for violating Rule 9037 by

awarding the Debtor both monetary and injunctive relief. By its terms Rule 9037offers a

specific remedy in the form of requesting a court order requiring redaction of the offending

information or limiting or prohibiting remote electronic access to documents by non-parties.

In this case, the remedy envisioned by Rule 9037(d) has already been implemented *sua*

*sponte* by the Court – the Proof of Claim has been sealed and the Defendant ordered to file

a redacted Proof of Claim. See n. 2, supra. See also In re French, 2009 WL 489609. As

the Court has already placed the Proof of Claim under seal in accordance with the a specific

remedy provided under Rule 9037, the Debtor's request for injunctive relief is moot.       The

Debtor also seeks monetary relief for the Defendant's noncompliance with Rule 9037. Rule

9037, however, provides no grounds for such relief:

> Rule 9037 does not, on the other hand, provide a private right of action for the
> relief sought by the Plaintiff to cancel the debt owed to the Defendant and/or
> assess sanctions against the Defendant for attaching documentation to the
> Proof of Claim containing the Plaintiff's full social security number . . . .

Id.

The Debtor argues that Section 105(a),[3] and the inherent power of the Court,

---

[3]  11 U.S.C. §105(a) states:

   (a) The court may issue any order, process, or judgment that is necessary or appropriate to
   carry out the provisions of this title. No provision of this title providing for the raising of an
   issue by a party in interest shall be construed to preclude the court from, sua sponte, taking
   any action or making any determination necessary or appropriate to enforce or implement
   court orders or rules, or to prevent an abuse of process.

authorize the relief requested for the Defendant's noncompliance with Rule 9037. Although a bankruptcy court's powers under §105(a) are extensive and include its inherent power to impose sanctions, under standards well-established in this Circuit, a trial court's inherent power must be exercised with restraint and not utilized unless the challenged conduct is "entirely without color" and "motivated by improper purposes." Milltex Industries Corp. v. Jacquard Lace Co., Ltd., 55 F.3d 34, 35 (2d Cir. 1995). In addition, "bad faith is ordinarily a prerequisite to the issuance of sanctions pursuant to the court's inherent sanctioning power. Chambers v. NASCO, Inc., 501 U.S. 32, 50 (1991); see also, United States v. Seltzer, 227 F.3d 36, 41-42 (clarifying the circumstances in which a finding of bad faith is required in order to impose sanctions on attorneys in the Second Circuit)." Phillips v. Berlex Laboratories, Inc., No. 3:05CV81, 2006 WL 1359124, *2 (D.Conn. May 11, 2006).

The conduct alleged in the complaint – the Defendant's failure to redact the Debtor's social security number from the attachment before filing the Proof of Claim – does not rise to the level of egregiousness ordinarily required for the imposition of monetary sanctions pursuant to the Court's inherent powers. Thus, even construing all of the allegations and the reasonable inferences therefrom in a light most favorable to the Debtor, such allegations, if true, would not plausibly entitle the Debtor to the relief sought.[4] Accordingly, the fourth count shall be dismissed.

---

[4] This is particularly true where, as here, Court records indicate that both the Form B 21, "Statement of Social Security Number" filed by the Debtor with her petition and the notice of bankruptcy sent by the Court to creditors, incorrectly stated one of the last four digits of her social security number. The Debtor subsequently amended her Form B-21 to correct the error on March 10, 2008 and a revised notice was sent to creditors by first class mail on March 13, 2008. The Proof of Claim was dated March 12, 2008 and was filed with the Court on March 18, 2008.

10

## 5. Invasion of Privacy (Count Five)

In the fifth count the Debtor seeks to recover money damages (actual and punitive,

attorney's fees and costs) from the Defendant for invasion of privacy. The Debtor's position

is that the Defendant violated her right to privacy by filing the unredacted Proof of Claim

which then became publicly accessible via PACER, the Court's electronic access system.

The Connecticut Supreme Court has recognized the four distinct torts, set forth in the

Restatement (Second) of Torts, for invasion of privacy:

> In recognizing this right of action today, we note that the law of privacy has not
> developed as a single tort, but as a complex of "four distinct kinds of invasion
> of four different interests of the plaintiff, which are tied together by the
> common name, but otherwise have almost nothing in common except that
> each represents an interference with the right of the plaintiff 'to be let alone.'"
> Prosser, Torts (4th Ed. 1971) § 117, p. 804. The four categories of invasion
> of privacy are set forth in 3 Restatement (Second), Torts § 652A as follows:
> (a) unreasonable intrusion upon the seclusion of another; (b) appropriation of
> the other's name or likeness; (c) unreasonable publicity given to the other's
> private life; or (d) publicity that unreasonably places the other in a false light
> before the public. Indeed, these four categories have been adopted by a
> number of courts that have recognized the privacy right of action. See Cox
> Broadcasting Corporation v. Cohn, supra, 420 U.S. 493 n.22, 95 S.Ct. 1045
> n.22; Corcoran v. Southwestern Bell Telephone Co., 572 S.W.2d 212, 214
> (Mo.App.1978) (noting that Restatement categories are useful, if not critical,
> to privacy analysis); McCormack v. Oklahoma Publishing Co., supra.

Goodrich v. Waterbury Republican-American, Inc., 188 Conn. 107, 127-128 (1982). Of the

four recognized torts for invasion of privacy, only that for "unreasonable publicity given to

the other's private life" has any relevance to the present proceeding. Id.

> [This] cause of action for invasion of privacy requires "publicity," which means
> "a communication that reaches, or is sure to reach, the public at large."
> Sidiropoulos v. Bridgeport Hospital, No. CV030401830S, 2004 WL 202256,
> at *2 (Conn.Super. Jan.9, 2004) (citations and quotation marks omitted). It is
> "not an invasion of privacy to communicate a fact concerning the plaintiff's
> private life to a single person or even to a small group of persons." Id.

Lin v. Lozinski, No. Civ. 300CV2045, 2004 WL 1543194 at *1-2 (D.Conn. Mar. 1, 2004).

"Publicity" . . . means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." Restatement (Second) of Torts § 652D cmt. a (1977).

This Court agrees with the analyses of the two bankruptcy courts[5] which have thus far considered the question of whether, as a matter of law, filing a proof of claim that fails to redact the debtor's social security number satisfies the "publicity" requirement necessary for the invasion of privacy tort at issue herein. Both courts examined the procedures for accessing court files electronically via PACER and held that they did not meet the requisite criteria for "publicity"; both dismissed the debtors' claims pursuant to Rule 12(b)(6). In re French, 2009 WL 489609 at *18; In re Southhall, 2008 WL 5330001 at *3. The Court concludes that the Debtor has failed to allege facts that would, if true, state an invasion of privacy claim for "unreasonable publicity given to the other's private life."

## *(C). Fed. R. Bankr. P. 12(b)(5) – Request to Dismiss for Insufficient Service*

Because the Court concludes that the entire Complaint must be dismissed pursuant to Rule 12(b)(6), it need not address Rule 12(b)(5) and the adequacy of service.

## V.   CONCLUSION

In accordance with the forgoing discussion, the Motion shall be granted and the captioned adversary proceeding shall be dismissed. An Order dismissing the proceeding shall enter simultaneously herewith.

Dated: March 26, 2009                                    BY THE COURT

Albert S. Dabrowski
Chief United States Bankruptcy Judge

---

[5]  Both courts are in states (Tennessee and Alabama) which have, like Connecticut, adopted the torts of invasion of privacy as set forth in the Restatement (Second) of Torts.